UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| OSCILLOSCOPE PICTURES, INC., ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> DEAFUEH MONBO AND TAJE MONBO, ) <br> both individually and doing business as ) <br> 12 O'CLOCK BOYZ, ) <br> ) <br> Defendants. ) | Case No.:17-cv-07458-MKB-ST |

---

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS EX PARTE MOTION FOR EXTENSION OF TIME TO COMPLETE SERVICE OF PROCESS AND FOR PERMISSION TO SERVE PROCESS BY ALTERNATIVE MEANS**

MELONI & McCAFFREY
A Professional Corporation
Robert S. Meloni
Thomas P. McCaffrey
3 Columbus Circle, 15th Floor
New York, New York 10019

*Attorneys for Plaintiff*

1

## PRELIMINARY STATEMENT[1]

Plaintiff Oscilloscope Pictures, Inc. ("OPI" or "Plaintiff"), by its attorneys Meloni & McCaffrey, a Professional Corporation, submits this memorandum of law in support of its motion seeking to: (1) extend their time to complete service of process for an additional ninety days pursuant to Fed. R. Civ. P.4 (m); and (2) for permission to serve process by alternative means – (i) by email at Defendants' active and regularly employed-for-business-purposes email address, (ii) by Tweet on the Defendants' active Twitter Account known as "Real 12 O'Clock Boyz", and (iii) by United States Postal Service first class mail to Defendants' last known residential address, last known business address, and upon Defendants active and regularly-employed-for-business Post Office Box – pursuant to Fed. R. Civ. P. 4 and C.P.L.R. §308(5). Plaintiff has made numerous attempts to serve Defendants at every physical address they could discover. Plaintiff's process server has left a copy of the Summons and Complaint with the receptionist at Defendant Deafueh Monbo's Accounting Office in Maryland and has also attempted to effect service at the only known home addresses used by Deafueh Monbo and Taj Monbo. Plaintiff has previously delivered a copy of the Summons and Complaint to both Defendants' email by electronic delivery and by regular mail to the Defendants' Post Office Box address, neither delivery being returned to sender. Notwithstanding the uncertainty relating to those attempts at service, Defendants have openly and repeated demonstrated on their Twitter social media platform that they are fully aware of the litigation filed against them, and have included an embedded jump site to a third party website that has posted a copy of the Summons and Complaint in this action. Indeed, their public response to the filing of the Complaint was as follows: "YEAH YEAH, THROW YOUR LAWSUIT ON THE

---

[1] This memorandum of law is accompanied by the Declaration of Robert S. Meloni dated March 5, 2018 (hereafter "Meloni Dec.").

GRASS AND LEAVE IT THERE."[2] Defendants have done their damage to Plaintiff by firing off a series of baseless takedown letters to Plaintiff's distributors and licensees, then have gone to ground in the real world to avoid the prosecution of this lawsuit challenging their misconduct, all the while hiding in plain sight in the virtual world of the Internet and thumbing their nose at Plaintiff and the legal system.  The only way to ensure that Deafueh and Taj Monbo will be forced out of the weeds to answer the pleadings or be subject to an unchallengeable default taken against them, is to grant Plaintiff its motion to allow the requested alternative service.

## RELEVANT FACTS

OPI became the exclusive worldwide distributor of the documentary *12 O'Clock Boys* (the "Documentary") in 2013.  Meloni Dec., ¶3.  OPI immediately began distributing the Documentary through various licensees and/or distributors both within the United States and internationally, including SONY, Amazon, Vimeo, Google, YouTube, InDemand, Netflix, Transmission Films and Fandor.  OPI has continued to exploit the Documentary in interstate commerce under that title to the present date. *Id.*, ¶4.

Between November 11, 2017 and December 17, 2017, the Defendants sent over a dozen takedown notices (the "Notices") by email from the email address "Deemonbo@yahoo.com" to OPI's licensees, sub-licensees and distribution partners relating to the Documentary, including to Transmission Films, Sony, Vimeo, Baker & Taylor, (Target), Chassy Media, YouTube, Google, Beamafilm, Towson University Library, InDemand, Amazon, Fandor, YouTube and Netflix (hereinafter the "Licensees"). *Id.* ¶5.  The Notices alleged purported ownership of a home video that was excerpted in the Documentary and resulting violations of federal Trademark and Copyright

---

[2] https://twitter.com/12oclockboyz_?lang=en.

laws, including, without limitation, the Digital Millennium Copyright Act ("DMCA"), and threatened litigation. *Id.,* ¶6. In response to the receipt of these Notices, all Licensees have invoked their right to seek indemnification from OPI and a number of them have removed the Documentary from distribution, causing OPI financial and reputational damage.

In the Notices, the Defendants list their contact information as follows:

12 O'Clock Boyz
Attention: Deafueh Monbo
P.O. Box 135
Owing Mills, Maryland 21117
Email: Deemonbo@yahoo.com
Phone: (410) 656-9040

*See* Meloni Dec., ¶7 and Ex. A.

On December 14, 2017, counsel for OPI sent Defendants a letter addressing the Notices and contesting any and all claims based on the existence of, and their purported ownership in, both a protectable federal trademark in the mark "12 O'CLOCK BOYZ", their claim to exclusive rights in and to the copyright in the Home Video, the viability of those claims and otherwise challenging each factual and legal claim asserted in the Notices. The letter demanded that Defendants cease all interfering activity and refrain from all future interfering activity. The letter was delivered to the above referenced P.O. Box with a copy electronically delivered to Defendants listed email address Deemonbo@yahoo.com. *Id.,* ¶8. The email and hard copy of the letter were not returned as "undeliverable". *Id.* ¶9. Defendants ignored said letter and continued to send out at least one more Notice. *Id.,* ¶10. In fact, Defendants have refused to engage or communicate with Plaintiff or its counsel at any time. *Id.*, ¶11.

On December 22, 2017, OPI filed the present action seeking declaratory relief, an injunction and damages based upon the Defendants' wrongful conduct. *Id.,* ¶12.

On January 2, 2018, OPI's counsel sent courtesy copies of the filed Summons and Complaint (the "Pleadings") with a Rule 4 Notice and Waiver to both Deafueh Monbo and Taj Monbo by: (1) Federal Express to Defendant Deafueh Monbo's business address at 10451 Mill Run Circle, Suite 400, Owing Mills, Maryland 21117, (2) email to the email address listed on the Notices: deemonbo@yahoo.com; and (3) by Express Mail c/o 12 O'Clock Boyz at the P.O. Box 135, Owing Mills, Maryland 21117, the P.O. Box listed in the Notices.  Meloni Dec., ¶13. and Ex. C.   None of the three methods of delivery were returned to OPI's counsel as "undeliverable".  *Id.,* ¶14.

During the last sixty days, the following attempts at physical service of the Pleadings on both Deafueh and Taj Monbo were made by Monumental Process Servers of Baltimore, Maryland:

1. On 01/12/2018 at 12:18 PM, service attempt on Deafueh Monbo at 400 E. Pratt Street, Suite 800, Baltimore, MD 21202. The process server spoke to an employee who advised that Deafueh Monbo is unknown at the given address.

2. On 1/18/2018 at 2:19 PM, service attempted on Deafueh Monbo at 10451 Mill Run Circle, Suite Owings Mills, MD, a shared office space. Process server spoke to "Jeannie" who stated she has been told that she cannot accept any service for Deafueh Monbo as she does not work for his office. That she stated her company has no way of reaching WP Tax Group.

3. On 1/29/2018 at 2:28 PM, service attempted at Deafueh Monbo's office located at: c/o WP Tax Group, 10451 Mill Run Circle, Suite Owings Mills, MD.  Process server served Whitney Flanagan, Receptionist.

4. On 2/26/2018 at 5:35 PM, service was attempted on Taje Monbo at a residence address, (1) 8808 Selina Road, Randallstown, MD 21133; and (2) 65 Fennington Circle, Owings Mills, MD  21117. Process servicer reported that she received no response to her knocking on the door. That the residence was dark and there were no neighbors home to try and verify the address

Meloni Dec, ¶15 and Ex. D.

On January 29, 2018, Defendants tweeted on the 12 O'Clock Boyz Twitter Account as follows:

Real 12 O'Clock Boyz
@12OClockBoyz_
Jan 29
More
"In an attempt to save face, Oscilloscope files lawsuit BEGGING the Judge to decide whether in fact Copycat filmmakers IMPOSTERED 12 O'Clock Boys(2001). YEAH YEAH, THROW YOUR LAWSUIT ON THE GRASS AND LEAVE IT THERE. http://bit.ly/2njQklA    ***#12OClockBoys #12OClockBoyz"

See Meloni Dec., ¶16 and Ex. E. (https://twitter.com/12oclockboyz_?lang=en).

When the visitors to the 12 O'Clock Boyz Twitter Account click on the embedded URL http://bit.ly/2njQklA they are taken to the Court Listener web page, which has a copy of the Complaint in this action posted on their website. *See* Meloni Dec., ¶17 and Ex. F. (https://www.courtlistener.com/docket/6247722/1/oscilloscope-pictures-inc-v-monbo/).

On January 31, 2018, Defendants posted another tweet referencing this Action as follows:

"Look here boy, when the Official 12 O'Clock Boyz team come to Court, it's not to play with these Copycat filmmakers. It's to shoot at these Copycats like movie directors. 🎥✏️☐    Below is the list of POSSIBLE WITNESSES that the #12OClockBoys lawsuit could include. #ThePreview



8:21 AM - 31 Jan 2018.

6

Meloni Dec., ¶18 and Ex. E.

These two entries on the Defendants Twitter Account make it absolutely clear that the Defendants are fully aware of the lawsuit and the claims that have been filed against them. However, they have failed to respond to these pleadings either through filings with the Court or by direct contact with OPI's counsel. *See* Meloni Dec., ¶19. Instead, they laud the damages they have inflicted upon OPI with Tweets like the following:

> Real 12 O'Clock Boyz
> @12OClockBoyz_
>  12 Dec 2017
>
> More Real 12 O'Clock Boyz Retweeted Jorge Luis Lopez Esq
>
> Like Bey, the Official 12 O'ClockBoyz team slaps Partners and Sub-partners of @OscopeLabs in the United States, Australia, France and South Africa with Copyright Takedown Notices for IMPOSTERING the Original #12OClockBoys(2001) and for Oscilloscope's FAILURE TO PROVIDE 💰RECEIPTS.

*See* Meloni Dec., ¶20 and Ex. E.

Despite the fact that the Defendants have received copies of the Pleadings through the efforts of OPI's counsel and their process servers, and are obviously aware of the litigation and the claims against them, OPI wants to avoid any chance of a future argument that Defendants have not been served properly under the applicable federal and state rules governing service. Mel. Dec., ¶21. In addition, over 60 days have passed in the mandated 90 days in which to serve the Pleadings under Fed. R. Civ. P 4. *Id.,* ¶22. As a result, OPI makes the present application to the Court to (1) extend the time to complete service of the pleadings for an additional 90 days, and (2) allow for the requested alternative methods of service on Defendants email and twitter accounts and on their P.O. Box, as provided in their Notices and on their last know residential and business addresses. *Id*.

# ARGUMENT

## I. The Court Should Grant OPI an Additional 90 Days to Effect Service.

Fed. R. Civ. P. Rule 4 (m) provides in relevant part:

Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . . .

Fed. R. Civ. P Rule 4 (m).[3]

In the case of a showing of good cause, the Court must extend the time to serve. *See Harper v. NYC Admin. for Children's Servs.*, No. 09 CIV. 2468, 2010 U.S. Dist. LEXIS 469, 2010 WL 23328, *2 (S.D.N.Y. Jan. 5, 2010) ("Under Rule 4(m), the Court must extend the time to serve if the plaintiff has shown good cause . . . ."). In determining whether "good cause" exists, "courts weigh the reasonableness and diligence of the plaintiff's efforts to serve against the prejudice to the unserved defendants from the delay." *Gibbs v. Imagimed*, LLC, No. 11 CIV. 2949, 2013 U.S. Dist. LEXIS 77069 (S.D.N.Y. May 30, 2013). "The following two factors are relevant in a Court's evaluation of good cause: (1) the reasonableness and diligence of plaintiff's efforts to serve; and (2) the prejudice to defendants from the delay." *Green v. Jacob & Co. Watches, Inc.*, 248 F. Supp. 3d 458, 465 (S.D.N.Y. 2017) (internal quotation marks omitted) (*quoting Vantone Grp. Ltd. Liab. Co. v. Yangpu NGT Indus. Co.*, 13-CV-7639 (LTS) (FM), 2016 U.S. Dist. LEXIS 92180, 2016 WL 3926449 (S.D.N.Y. July 15, 2016)). *See also Coleman v. Cranberry Baye Rental Agency*, 202 F.R.D. 106, 109 (N.D.N.Y. 2001) ("To determine whether good cause exists, a court considers

---

[3] The Second Circuit has held that despite the statutory language, district courts have the discretion to grant extensions of time to serve process under Rule 4(m) even in the absence of good cause. *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007); *M.C. v. Cty. of Westchester*, No. 16-CV-3013 (NSR), 2018 U.S. Dist. LEXIS 28810 (S.D.N.Y. Feb. 21, 2018). OPI believes it has demonstrated good cause for not serving Defendants during the first 90 days. However, in the alternative, OPI requests that the Court grant the extension of an additional 90 days even if it determines that good cause has not been shown.

8

whether plaintiff made reasonable efforts to serve defendant and whether defendant has been prejudiced by the delay."). However, the Court must be careful to avoid holding Plaintiff to too high a standard, particularly in light of the 2015 amendment to Rule 4, which specifically states that "[s]hortening the presumptive time for service [from 120 days under the previous rule to 90 days under the current] will increase the frequency of occasions to extend the time for good cause." *Assets Recovery 23, LLC v. Gasper*, No. 15-CV-5049 (RJD) (CLP), 2017 U.S. Dist. LEXIS 117224, *13 (E.D.N.Y. July 25, 2017) (quoting Fed. R. Civ. P. 4(m) Advisory Committee's not), *report and recommendation adopted*, No. 15-CV-5049 (RJD) (CLP), 2017 U.S. Dist. LEXIS 133374 (E.D.N.Y. Aug. 21, 2017).

Here, OPI has demonstrated good cause for the requested extension based upon its many attempts at serving Defendants using traditional methods of service over the past 60 days. *See* Meloni Dec. ¶¶13-15, Exhibits C & D. From the outset, OPI's counsel performed background searches for both Defendant Taje Monbo and discovered residential addresses for him including 8808 Selina Road, Randallstown, MD 21133 and 65 Fennington Circle, Owings Mills, Maryland 21117 and OPI's process servers have made numerous attempts to serve Taje Monbo at those locations without success Meloni Dec., ¶15 (iv). Background searches by OPI's counsel have also uncovered that Defendant Deafueh Monbo, the signatory on the Notices on behalf of Defendant 12 O'Clock Boyz, is a Registered C.P.A. in the State of Maryland and is employed by an entity known as WP Tax Group which maintains its offices at the shared office space located at 10451 Mill Run Circle, Suite 400, Owings Mills, Maryland 21117. Meloni Dec. ¶15 (i)-(iii). When OPI's process server enquired at that location, the Receptionist for the shared office space confirmed it was Mr. Monbo's office but that she was unable to accept service of process on Defendant Deafueh Monbo's behalf. *Id*., ¶15 (ii). Despite the fact that this is tax season, and one would expect an accountant's

regular presence at his office, attempts by the process server to serve Deafueh Monbo and 12 O'Clock Boyz at that office space have been unsuccessful. *Id.*, ¶15 (i)-(iii).

Moreover, on January 2, 2018, OPI's counsel also sent copies of a Rule 4 Notice and Waiver form and the Summons & Complaint by Federal Express and United States First Class Mail to both Taje and Deafueh Monbo at 10451 Mill Run Circle, Ste. 400, Owings Mills, Maryland 21117. Meloni Dec., ¶13. The package sent by First Class Mail has not been returned as "undeliverable". *Id.*, ¶14. The Federal Express records show that FedEx package # 771119167852 containing the Rule 4 Waiver form and the Summons and Complaint remain "Scheduled Delivery Pending" as of February 26, 2018. *Id.* Finally, OPI's Counsel also delivered copies of the Rule 4 Notice and Waiver Form and Summons and Complaint to Deafueh Monbo by electronic means to the email account Mr. Monbo provided in his Notices: deemonbo@yahoo.com. Id., ¶13. That email has not been returned as undeliverable, and given the Defendants' Twitter postings it is safe to assume they received the Pleadings. Id. ¶14.

While less than 30 days remains of the initial service period available under Rule 4(m), and OPI continues its efforts to effect personal service of the Pleadings upon Defendants using traditional methods provided for by statute, OPI requests the additional time now because it is simultaneously moving for an order allowing it to serve Defendants using alternative methods of service as set forth below. In order to allow the time for the Court's resolution of this motion as well as the execution of the provided methods of alternative service, OPI requests the additional 90 days to complete service whether or not the Court grants its request for permission to employ alternative methods of service.

## II. The Court Should Grant OPI Permission to Serve the Pleadings by Alternative Means.

Courts have recognized that the fundamental purpose of service is to give a defendant notice of the claims against them and that due process requires that service be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Sheldon v. Plot Commerce*, 2016 U.S. Dist. LEXIS 116135, **19-20 (E.D.N.Y. Feb. 26, 2018) (*quoting DPWN Holdings (USA), Inc. v. United Air Lines*, 871 F. Supp. 2d 143, 154 (E.D.N.Y. 2012).

Towards that end, OPI now seeks the Court's intervention and authorization in allowing OPI to serve the Defendants through alternative means under Fed. R. Civ. P. Rule 4, and New York's Civ. P. Law & R. ("CPLR") Section 308(5), in order to proceed expeditiously with this case.

### A. Fed. R. Civ. P. 4.

The relevant sections of Rule 4 provide as follows:

(e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
(1) *following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made*; or
(2) doing any of the following:
(A) delivering a copy of the summons and of the complaint to the individual personally;
(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e) (italics added). Thus, under Rule 4(e) 1, service can be effected upon Defendants under New York State Law.

**B. C.P.L.R. §308(5).**

As the governing law of the state wherein this Court is located, New York Civil Practice Law and Rules § 308(5) provides in relevant part: "Personal service upon a natural person shall be made by any one of the following methods: . . . (5) in such manner as the court, upon motion, without notice, directs, if service is impracticable under paragraphs one, two or four of this section." Civ. Prac. L. & R. § 308(5) (McKinney 2002). This section allows a court to go beyond any of the specifically prescribed methods of service and devise a method that fits the particular circumstances of the case. *Baidoo v Blood-Dzraku*, 48 Misc. 3d 309, 5 N.Y.S. 3d 709 (Sup. Ct. N.Y. Co. 2015) (authorizing service by Facebook as constitutionally permissible service in a divorce action).

Alternative service upon an individual under C.P.L.R. §308(5) may be made by any method designed to provide notice to the defendant of the lawsuit, upon a showing that the plaintiff made reasonable efforts to serve the defendant through traditional means. *JSC VTB Bank v Mavlyanov*, 652516/2016, 2017 N.Y. Misc. LEXIS 2253 (Sup. Ct. N.Y. Co. Jun 8, 2017).

A plaintiff seeking to effect alternative service must make a showing that the other prescribed methods of service were "impracticable." *S.E.C. v. Nnebe*, No. 01 CV 5247, 2003 WL 402377, *3 (S.D.N.Y. Feb. 21, 2003) (*quoting Markoff v. South Nassau Cmty. Hosp.*, 91 A.D.2d 1064, 1065, 458 N.Y.S.2d 672 (2d Dep't 1983)) (internal quotations omitted). Once plaintiff has met this burden, the Court must ensure that the alternate method complies with "constitutional due process." *F.T.C. v. PCCare247 Inc.*, No. 12 CV 7189, 2013 WL 841037,*4 (S.D.N.Y. Mar. 7, 2013) (*quoting Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)).

Although the impractability standard is not capable of easy definition, "[a] showing of impracticability under CPLR308 (5) does not require proof of actual prior attempts to serve a party

12

under the methods outlined pursuant to subdivisions (1), (2) or (4) of CPLR 308". *Safadjou v Mohammadi*, 105 A.D.3d 1423, 964 N.Y.S.2d 801 (4th Dep't 2013) (*quoting Franklin v Winard*, 189 A.D.2d 717, 717, 592 N.Y.S.2d 726 (1st Dep't 1993).

While a showing of impracticability does not require proof of due diligence or actual attempts to serve a party under each and every method prescribed in CPLR, the movant will be required to make a competent showing as to the actual prior efforts that were made to effect service. *Hollow v. Hollow*, 193 Misc.2d 691, 693, 747 N.Y.S.2d 704 (Sup. Ct. Oswego Co. 2002). Here OPI has made a competent showing of its actual prior efforts to effect service upon Defendants using traditional means. *See* Section I, *supra*.

C. **Electronic Service of the Pleadings is Permissible under C.P.L.R. 308(5).**

Upon proper application, both New York courts and federal courts have granted email and on-line service of process *via* social media websites as appropriate alternative methods of service when statutory methods have proved to be ineffective or impossible. *See Sadis & Goldberg, LLP v. Banerjee*, No. 14-CV-913-LTS, 2017 U.S. Dist. LEXIS 48600, *3 (S.D.N.Y. March 30, 2017) ("On July 3, 2014, having considered and found sufficient Plaintiff's earlier efforts to serve Defendant, the Court authorized service by email through an email address that Defendant had used in connection with litigation in the District of Massachusetts. (See Docket Entry No. 16.)"); *Navika Capital Grp., LLC v. Doe*, 14 CV 5968 (DLI) (CLP), 2017 U.S. Dist. LEXIS 2926, **5-6 (E.D.N.Y. Jan. 6, 2017) ("On June 11, 2015, plaintiffs' counsel submitted a letter explaining its extensive yet unsuccessful efforts to identify defendant and requesting permission to serve defendant via email. On June 30, 2015, the undersigned granted plaintiffs' request to effect service upon defendant by email and directed plaintiff to serve defendant by July 31, 2015. Defendant was served by email on July 1, 2015."); *FTC v. PCCare247 Inc.,* 12 Civ. 7189 (PAE), 2013 U.S. Dist.

13

LEXIS 31969, *20 (S.D.N.Y. Mar. 7, 2013) ("The FTC's motion to serve defendants through alternative means, to wit, email and Facebook, is granted.") *Swedin v Russo*, 160788/2015, 2017 N.Y. Misc. LEXIS 410 (Sup. Ct. N.Y. Co. Jan. 18, 2017) ("This court perceives no basis for deviating from the duly issued order of the Supreme Court permitting alternative e-mail service pursuant to CPLR 308(5)"); *Baidoo v Blood-Dzraku*, 48 Misc. 3d 309, 5 N.Y.S. 3d 709 (Sup. Ct. N.Y. Co. 2015) (authorizing service by Facebook as constitutionally permissible service in a divorce action); *Matter of Sucich* 47 Misc. 3d 1209(A), **3-4, 15 N.Y.S.3d 715 (Surr. Ct. Dutchess Co. 2015) ("It is therefore clear from the cited statute and instructive case law that electronic service is an acceptable method in this Court "once the impracticability standard is satisfied" that reasonable efforts to accomplish service according to the methods specified in CPLR §§308(1), (2) and (4) are not feasible."); *Safadjou v Mohammadi*, 105 A.D.3d 1423, 964 N.Y.S.2d 801 (4th Dep't 2013) ("Although service of process by email "is not directly authorized by either the CPLR or the Hague Convention, it is not prohibited under either state or federal law, or the Hague Convention" and, indeed, "both New York courts and federal courts have, upon application by plaintiffs, authorized [e]mail service of process as an appropriate alternative method when the statutory methods have proven ineffective" (internal citations omitted)); *Hollow v. Hollow*, 193 Misc.2d 691, 693, 747 N.Y.S.2d 704 (Sup. Ct. Oswego Co. 2002) ("Here, the court finds that service directed to the defendant's last known e-mail address as well as service by international registered air mail and international mail standard, is sufficient to satisfy the due process requirements of New York Civil Practice Law and Rules § 308 [5].").[4]

---

[4] The Federal District Courts in the Fourth Circuit, where Defendants reside, also approve of service of process by email under the appropriate circumstances. See *Ermias v. Tilahun*, Civil Action No. 1:16cv0587 (AJT/JFA), 2017 U.S. Dist. LEXIS 163612 * 9 (E.D. Va. July 31, 2017) ("On March 24, 2017, the undersigned authorized plaintiff to serve defendants through the email addresses wisdomccc@gmail.com and wisdomtax@gmail.com."); *WhosHere, Inc. v. Orun*, Civil Action No. 1:13-cv-00526-AJT-TRJ, 2014 U.S. Dist. LEXIS 22084, *4 (E.D. Va. Feb. 20, 2014) ("The court finds that service of process on defendant by email and social networking websites identified by defendant as belonging to him complies with both Rule 4(f)(3) and constitutional due process."); *Lipenga v. Kambalame*, Case No.:

Given the strength of the aforementioned legal precedent, OPI seeks the Court's permission to personally serve Defendants as an alternative method at Deafueh Monbo's email address: Deemonbo@yahoo.com, and as part of a personal message addressed to the 12 O'Clock Boyz' Twitter Account at https://twitter.com/12oclockboyz_?lang=en.

**D. OPI Should Be Permitted To Also Serve Defendants By Overnight Mail.**

While OPI is confident that the aforementioned alternative electronic service methods will more than adequately provide Defendants with a full notice of the litigation and the claims against them (as it is clear by their repeated statements on their Twitter Account that they are already fully aware of the litigation), should this Court not be fully convinced of the efficacy of the proposed methods of electronic service, then OPI suggests that as a backstop to those methods (email and Twitter), that OPI be also allowed to serve copies of the Pleadings by Overnight First Class Mail through the United States Post Office (with accompanying on-line tracking of delivery) on Defendants at the following locations: (1) Taje Monbo and Deafueh Monbo, at 65 Fennington Circle, Owings Mills, Maryland 21117; (2) at Deafueh Monbo, at 10451 Mill Run Circle, Ste. 400, Owings Mills, Maryland 21117; and (3) upon 12 O'Clock Boyz, Attention: Deafueh Monbo, P.O. Box 135, Owing Mills, Maryland 21117.

Towards that end, the case of *Ferrarese v. Shaw* is instructive. In *Ferrarese*, this Court responded to plaintiff's motion for permission to serve its summons and complaint under alternative methods pursuant to Fed. R. Civ. P 4 and C.P.L.R. 308(5), by noting that "Petitioner argues that his proposed method of serving the defendant by email and posting on her alleged Facebook page will 'most likely' provide the defendant with notice of future filings." *Ferrarese v. Shaw*, 164 F.Supp.3d 361, 367 (E.D. N.Y. 2016). While conceding that service by email comported with due process, it

---

GJH-14-3980, 2015 U.S. Dist. LEXIS 172778 *10 (D. Md. Dec. 28, 2015) ("Under the circumstances, the Court believes that alternate service via email and Facebook is appropriate. Service through these channels comports with due process because it is reasonably calculated to provide Defendant notice of this suit.")

stated that service by Facebook had only been allowed as a backstop for service by email at a known email address. *Id.* Not fully convinced with the level of plaintiff's proof as to whether the defendant used the purported email address or maintained the Facebook page bearing her name, the Court nonetheless allowed for requested alternative service through both email and Facebook, with the proviso that as a backup that plaintiff also send copies of the summons and petition by certified mail, return receipt requested, in defendant's own name and in her sister's name to the defendant's last known address. *Id.*

Here, given that Defendants' Twitter Account postings demonstrate that they are fully aware of the litigation pending against them, requiring anything beyond the Overnight First Class Mail tracking of delivery of the parcels to the three addresses will guaranty that Defendants will refuse delivery to thwart that method of delivery. However, the proposed three methods of alternative service – email/twitter account and Overnight Mail – will satisfy what is required by the federal and state service statutes – i.e., that Defendants are aware of the litigation and claims against them. They can then be compelled to respond to those claims and allow Plaintiff to clear its title to the rights in question through the litigation process, or they can continue to hide in plain sight, snipe from the virtual world at OPI and its Distributors and default on those claims. No matter what path they then decide to take, what they will not be able to do is challenge the so-ordered service by alternative means requested herein. The case will be allowed to proceed to its swift and orderly resolution.

## CONCLUSION

For the foregoing reasons, Plaintiff OPI respectfully request that the Court grant its motion: (1) extending its time to complete service of process for an additional ninety days pursuant to Fed. R. Civ. P. 4(m); and for (2) permission to serve process by alternative means – by email at

Defendants' active and regularly employed-for-business purposes email address, by embedded Tweet on the 12 O'Clock Boyz's active Twitter Account, and by United States Postal Service first class overnight mail to Defendants' last known residential address, last known business address, and upon Defendants' active and regularly employed-for-business Post Office Box – pursuant to Fed. R. Civ. P. 4 and C.P.L.R. §308(5), together with such other and further relief as it deems just and proper.

Dated: March 5, 2018

                                                Respectfully submitted,

                                                MELONI & MCCAFFREY
                                                A Professional Corporation

By: _____
                                                Robert S. Meloni
                                                Thomas P. McCaffrey
3 Columbus Circle, 15th Floor
New York, New York 10019
Tel: (212) 520-6090

*Attorneys for Plaintiff Oscilloscope Pictures, Inc.*