# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| OSCILLOSCOPE PICTURE, INC. | ) |
| | ) |
| Plaintiff, | ) Civil Action No.: **CV-17-7458** |
| | ) |
| v. | ) Assigned Judge: Margo K. Brodie |
| | ) |
| DEAFUEH MONBO, *et al.*, | ) Magistrate Judge: Steven L. Tiscione |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y

☆ APR 30 2018 ☆

BROOKLYN OFFICE

## DEFENDANT DEAFUEH MONBO'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENCY OF SERVICE OF PROCESS AND FAILURE TO JOIN A PARTY AND IMPROPER VENUE

Defendant Deafueh Monbo ("Deafueh") move to dismiss the Complaint filed by Plaintiff Oscilloscope on December 22, 2017 for (1) Lack of Personal Jurisdiction and (2) Insufficiency of Service of Process and (3) Failure to join a party under Rule 19 and (4)Improper Venue pursuant to Federal Rules of Civil Procedures 12(b)(2), 12(b)(5), 12(b)(7) and 12(b)(3). First, dismissal is proper pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Defendant Deafueh is a resident of the State of Maryland. Further, Defendant Deafueh does not maintain a place of business in the State of New York. This Court lacks personal jurisdiction over Defendant Deafueh.

Second, dismissal is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. Defendant Deafueh has not been properly served in this actions. This Court lacks personal jurisdiction over Defendant Deafueh due to improper service of summons and complaint.

Third, dismissal is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to join a party under Rule 19. Plaintiff has failed to join the Maryland corporation, 12 O'Clock Boyz Sports,Inc. who is a necessary and indispensable party. *(See* Exhibit 1)

Fourth, dismissal is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue. 12 O'Clock Boys (the "2013 Documentary") which is the subject of this dispute was **film made over a five-year period and directed by the then student filmmaker, Lotfy Nathan, all in Maryland.** *(See* Exhibit 2)

Furthermore, each and every individual mentioned in Plaintiff's complaint domiciles in the State of Maryland. Specifically, Michael "Pee Wee" Whitaker, Jr, and Ty' Quan "Pug" Ford, and his mother Coco, all domicile/reside in Maryland. Furthermore , Red Gap Film Group, LLC who is the Licensor of Plaintiff Oscilloscope is a Maryland corporation. *(See* **Exhibit 3).** Dismissal is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue.

Pursuant to Local Rule 7.1(a), the Defendant Deafueh is separately filing a Statement of Points and Authorities in Support of this Motion to Dismiss, detailing why this suit must be dismissed. A proposed order accompanies this request. And an Affidavit accompanies this request.

WHEREFORE, the Defendant Deafueh respectfully requests that its Motion to Dismiss be GRANTED and the Complaint be DISMISSED. Or in the alternative, Defendant respectfully request the Court to allow sixty (60) days for Defendants to secure a lawyer in New York to represent to file a motion to dismiss and to represent Defendants.

Dated: April 27, 2018

Respectfully submitted,

By: *Deafueh Monbo*

DEAFUEH MONBO
P.O. Box 135
Owings Mills, Maryland  21117
(410) 207-0242

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this <u>MOTION TO DISMISS</u> was mailed by Certified Mail on APRIL 27, 2018 to:

> Robert S. Meloni
> Thomas P. McCaffrey
> 3 Columbus Circle – 15th Floor
> New York, New York, 10019
> Tel: (212) 520-6090
>
> *Attorneys for Plaintiff Oscilloscope Pictures, Inc.*

Dated: April 27, 2018

DEAFUEH MONBO
P.O. Box 135
Owings Mills, Maryland  21117
(410) 207-0242

**UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| OSCILLOSCOPE PICTURE, INC., | ) | |
| | ) | |
| | ) | Civil Action No.: **CV-17-7458** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| DEAFUEH MONBO, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### PROPOSED ORDER

Upon consideration of Defendant' Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction and Failure To State a Claim, it is hereby ORDERED that the motion is GRANTED. Plaintiffs' complaint is hereby DISMISSED.


_____
Margo K. Brodie
United States District Judge

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| OSCILLOSCOPE PICTURE, INC. | ) |
| | ) |
| | ) Civil Action No.: **CV-17-7458** |
| Plaintiff, | ) |
| | ) |
| v. | )   Assigned Judge:  Margo K. Brodie |
| | ) |
| DEAFUEH MONBO, *et al.*, | )   Magistrate  Judge:  Steven L. Tiscione |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANT DEAFUEH MONBO'S STATEMENT IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENCY OF SERVICE OF PROCESS AND FAILURE TO JOIN A PARTY AND IMPROPER VENUE

# FACT

1. Defendant Deafueh Monbo (Deafueh) lives in Maryland. (*See* Exhibit 4)

2. Co-Defendant, Taje Monbo (Taje) lives in Maryland.

3. Defendant Deafueh has <u>never</u> conducted business in New York and does <u>not</u> conduct business within the jurisdiction and venue of this Court.

4. Defendant Taje has <u>never</u> conducted business in New York and does <u>not</u> conduct business within the jurisdiction and venue of this Court.

5. Defendant, Deafueh Monbo solely conducts business through the Maryland corporation known as "12 O'Clock Boyz Sports, Inc.".

6. The Maryland corporation, "12 O'Clock Boyz Sports, Inc.". does <u>not</u> conduct business within the jurisdiction and venue of this Court.

7. 12 O'Clock Boyz Sports, Inc. principal place of business is <u>2405 York Road, Suite 201, Lutherville Timonium, Maryland 21903</u>. (*See* Exhibit 1)

8. The Resident Agent of Defendant Deafueh/12 O'Clock Boyz **authorized to received summon and complaint under statute** is located at 2405 York Road, Suite 201, Lutherville Timonium, Maryland 21903. (*See* Exhibit 1)

## <u>OSCILLOSCOPE</u>

9. Oscilloscope is a Licensee of Red Gap Film Group, LLC.

10. Red Gap Film Group, LLC is a Maryland corporation who principal place of business is 2239 Kirk Avenue, Baltimore, Maryland 21218.

11. Red Gap Film Group, LLC is owned by Lotfy Nathan.

12. The documentary, 12 O'Clock Boys was filmed entirely in Maryland over a five-year period spanning from 2009 - 2013.

13. The documentary, 12 O'Clock Boys was filmed by Lotfy Nathan who at the time resided in Maryland.

## STANDARD OF REVIEW

A court may dismiss a complaint at anytime for (1) lack of subject matter jurisdiction, (2) Insufficient Service of Process (3) Failure to join a Party under Rule 19 and  (4) Improper Venue   *See* Fed. R. Civ. P. 12(b)(2), 12(b)(3), 12(b)(5) and 12(b)(7).

## ARGUMENT

## I.      FAILURE TO JOIN A PARTY UNDER RULE 19

Rule 19(a) of the Federal Rules of Civil Procedure provides: (1) Required Party: A person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction must be joined as a party if: ... (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. Fed. R. Civ. P. 19(a).

**The Maryland Corporation, 12 O'Clock Boyz Sports, Inc** is a necessary and indispensable party to an action for the 12 O'Clock Boyz Mark. (*See* **Exhibit 1**)

Rule 12 of the Federal Rules of Civil Procedure provides that a complaint may be dismissed for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7)4; see also Ethicon, 135 F.3d at 1468; Nartron Corp. v. Borg Indak, Inc., No. 06-10683, 2008 U.S. Dist. LEXIS 107745, at *33 (E.D. Mich. March 31, 2008) (granting motion to dismiss), rev'd on other grounds, 558 F.3d 1352 (Fed. Cir. 2009); Merial Ltd. v. Intervet Inc., 430 F. Supp. 2d 1357, 1364 (N.D. Ga. 2006) (granting motion to dismiss). ".

2

In the instant case, the Maryland Corporation, 12 O'Clock Boyz Sports, Inc. is a necessary and indispensable party to this litigation. See Ethicon, 135 F.3d at 1467-68. **Plaintiff Oscilloscope has failed to serve copies of the summons and complaint on the resident agent of the Maryland corporation, 12 O'Clock Boyz Sports,Inc. as authorized by statute.**

The Maryland corporation, 12 O'Clock Boyz Sports, Inc. has been using the "12 O'Clock Boyz" mark for the past years and has interest in the "12 O'Clock Boyz" mark.   Accordingly, this Court should dismiss Plaintiff Oscilloscope lawsuit for failure to join a necessary and indispensable party. Id.

## II.   LACK OF JURISDICTION

Fed. R. Civ. P. 12(b)(2) provides that a Court may dismiss a case for "lack of jurisdiction over the person.  Plaintiff Oscilloscope bears the burden of proof on the necessary jurisdictional facts, such as the existence of "minimum contacts" between Defendant Deafueh and New York. *See Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1392 (9th Cir. 1984) *Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). When Defendant's motion to dismiss was made as its initial response, Plaintiff Oscilloscope bears the burden of making a prima facie showing that personal jurisdiction exists. See *Data Disc, Inc. v. Sys. Technology Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). In this context, a "prima facie" showing means that Plaintiff Oscilloscope has produced admissible evidence which, if believed, would be sufficient to establish the existence of personal jurisdiction. See *WNS, Inc. v. Farrow*, 884 F.2d 200, 203-04 (5th Cir. 1989).

The exercise of personal jurisdiction must comport with constitutional due process. Pursuant to due process, Defendant Deafueh is subjected to jurisdiction within New York only if Defendant Deafueh had "minimum contacts" with New York, "such that the maintenance of the

3

suit does not offend the traditional notion of fair play and substantial justice." *International Shoe Co. v. Korea*, 326 U.S, 310, 316 (1945). The purpose of the "minimum contacts" requirement is to protect the Defendant against the burden of litigation at a distant or inconvenient forum, and to ensure that New York do not reach beyond the limits of its sovereignty imposed by its status in the state system. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291 - 292 (1980). The purposeful availment requirement ensures that the Defendant will not be "haled into a jurisdiction through 'random,' 'fortuitous,' or 'attenuated' contacts.'" *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 560 (9th Cir. 1995) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985). The central concern of the jurisdiction inquiry is the relationship between the defendant, the forum, and the litigation. *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977). Applying the foregoing standards to Defendant Deafueh's Motion to Dismiss requires dismissing the lawsuit against Defendant Deafueh as Defendant Deafueh is domicile in Maryland and has no contacts with New York.

### A.    Plaintiff's Complaint Did Not Allege A Prima Facie Case Of Specific Jurisdiction

Specific jurisdiction is satisfied only if the Defendant has "purposefully directed" its activities at residents of the forum. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984) (emphasis added). Additionally, the litigation must result from injuries that "arise out of or relate to" those activities. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 (1984). In that respect, the Court uses a three-part test to determine whether a Court may exercise specific jurisdiction over a nonresident defendant: (1)The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections[;] (2) the claim must be one which arises out of or results

4

from the defendant's forum-related activities[; and] (3) exercise of jurisdiction must be reasonable. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995) (citations omitted)(emphasis added). Plaintiff Oscilloscope did not satisfy each element of the three-part test articulated in Ballard to defeat Defendant Monbo's Motion to Dismiss.

### 1. Defendant Did Not "Purposefully Avail" Himself Of The Laws Of New York

The "purposeful availment" requirement is satisfied only where the Plaintiff demonstrates that the Defendant's contacts with New York create a "substantial connection" with New York, and where Defendant's conduct and connection with New York are such that he should reasonably anticipate being haled into court in New York. *Burger King Corp.*, 471 U.S. at 474-75.

Applying the foregoing standards to Defendant Deafueh's Motion to Dismiss requires dismissing the lawsuit against Defendant Deafueh as Defendant Deafueh has no contacts with New York and no connection with New York.

### 2. Personal Jurisdiction Over Defendant Is Unreasonable

The reasonableness prong of the Court test requires that the Court's exercise of jurisdiction comport with "fair play and substantial justice." *Burger King, 471 U.S.* at 477-78. The factors that the Court must consider are:

(1) the extent of the defendant's purposeful interjection into the forum state, (2) the burden on the defendant in defending in the forum, (3) the extent of the conflict with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. Id.    No one factor

5

is dispositive, and the court must balance all seven. *Core-Vent Corp. v. Nobel Indus.*, A.B., 11 F.3d 1482, 1488 (9th Cir. 1993).

The Court has held that "[t]he degree to which a defendant interjects himself into the state affects the fairness of subjecting him to jurisdiction." Data Disc, Inc., 557 F.2d at 1288. Defendant Deafueh had never interjected himself into New York as Defendant Deafueh is domicile in Maryland and has no contacts with New York.  Thus, the first factor weighed in favor of a finding of no personal jurisdiction.

The second factor in the reasonableness test clearly weighed in favor of dismissal as to Defendant Deafueh.  Defendant Deafueh's burden in proceeding in New York is substantial. The burden on the Defendant Deafueh to litigate this claim in New York is significantly greater than the burden faced Plaintiff Oscilloscope.

Thus, considering that Defendant Deafueh is domicile in Maryland, the burden on Defendant Deafueh to litigate this claim in New York is significantly greater than the burden on Plaintiff Oscilloscope.  Moreover, even if the burdens were equal, this factor tipped in favor of Defendant Deafueh because the law of personal jurisdiction is "primarily concerned with the defendant's burden." Terracom, 49 F.3d at 561.

The efficiency of the forum also weighs against a finding of reasonableness.   In evaluating this factor, the Court has looked primarily at the location of the Defendant and evidence. *Core-Vent Corp. v. Nobel Indus.*, A.B., 11 F.3d 1482, 1489 (9th Cir. 1993). In the present matter, Defendant Deafueh is located in Maryland..

Weighing the interests of the parties, it was clear that the assertion of personal jurisdiction in New York imposed a substantial burden on Defendant Deafueh and is unreasonable as Defendant Deafueh is domicile in Maryland.  Accordingly, the "reasonableness" factor weighed in favor of granting Defendant Deafueh's motion to dismiss.

6

**B.     Defendant Is Not Subject To General Jurisdiction Because There Is No Continuous Or Systematic Contact**

General jurisdiction exists when a defendant is domiciled in the forum State or when its activities there are "substantial" or "continuous and systematic." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16, 80 L. Ed. 2d 404, 104 S. Ct. 1868 (1984). The standard for establishing general jurisdiction is "fairly high," *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986), and requires that the defendant's contacts be of the sort that approximate physical presence. See *Gates Lear Jet Corp. v. Jensen*, 743 F.2d 1325, 1331 (9th Cir. 1984).

Plaintiff did not establish that Defendant Deafueh has "substantial" and "continuous and systematic" activities within New York.  Such activities must be pervasive in order to establish general jurisdiction.   Data Disc Inc., 557 F.2d at 1287. "[P]laintiff bears the burden of demonstrating [that] contacts with the forum State [are] sufficient to give the court in personam jurisdiction." Mesalic, 897 F.2d at 699.

Applying the foregoing standards to Defendant Deafueh's Motion to Dismiss requires dismissing the lawsuit against Defendant Deafueh as Defendant Deafueh is domiciled in Maryland and has no contacts or connections with New York.

### III.   IMPROPER VENUE

Plaintiff Oscilloscope has the "obligation to institute the action in a permissible forum," and thus bear "the burden of establishing that venue is proper." Freeman v. Fallin, 254 F. Supp. 2d 52, 56 (D.D.C. 2003).

Federal Rule of Civil Procedure 12(b)(3) provides that a Court may dismiss a case for improper venue.  12 O'Clock Boys (the "2013 Documentary") which is the subject of this dispute was filmed over a five-year period and directed by Lotfy Nathan in **Maryland. (*See* Exhibit 2).**

Furthermore, each and every individual mentioned in Plaintiff's complaint lives in Maryland.  Specifically,  Michael "Pee Wee" Whitaker, Jr,  and Ty' Quan "Pug" Ford, and his mother, Coco,  all live in Maryland.

Furthermore , Red Gap Film Group, LLC who is the Licensor of Plaintiff Oscilloscope also   is a Maryland corporation.(*See* **Exhibit 3).**    Thus, Maryland is the proper venue. Accordingly, dismissal is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue.

### IV.   INSUFFICIENCY OF SERVICE OF PROCESS

Federal Rule of Civil Procedure 12(b)(5) provides that a Court may dismiss a case due to insufficient service of process in civil litigation. A court obtains jurisdiction over a defendant to impose an enforceable judgment of liability and damages only if the plaintiff obtains proper service upon the defendant.

A federal court does not have personal jurisdiction over a defendant unless and until it has been properly served in substantial compliance with Federal Rule of Civil Procedure 4, which

8

governs service of process. *See, e.g., De Gazelle Grp., Inc. v. Tamaz, Trading Establish.*, 817 F.3d 747, 748-49 (11th Cir. 2016); *Woodbury v. Sears, Roebuck & Co.*, 152 F.R.D. 229, 236 (M.D. Fla. 1993). This is because "[d]ue process under the United States Constitution requires that 'before a court may exercise personal jurisdiction over a defendant, there must be *more than* notice to the defendant ... [t]here must also be a *basis* for the defendant's amenability to service of summons." *Prewitt Enter., Inc. v. O.P.E.C.*, 353 F.3d 916, 924-25 (11th Cir. 2003) (internal quotation marks omitted). Thus, the Eleventh Circuit has been clear: "notice does not confer personal jurisdiction on a defendant when it has not been served in accordance with Rule 4." *De Gazelle Grp.*, 817 F.3d at 750. The relevant provisions of Rule 4 at issue in this case are subsections 4(e), which govern service on individuals. Because Plaintiff Oscilloscope has failed to comply with Rule 4(e), this case should be dismissed for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(5) due to insufficient service of process. *See, e.g., De Gazelle Grp.*, 817 F.3d at 748-49; *Woodbury*, 152 F.R.D. at 236.

### A.   Applicable Rules

**1. *Service on individuals***

Under Rule 4(e), an individual "may be served in a judicial district of the United States" either by "following state law for serving a summons ... in the state where the district court is located or where service is made," or by:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

9

**2. Plaintiff Failed To Effectuate Legal Service of Process**

Defendant Deafueh's business address authorized to receive summons and complaints papers is 2405 YORK ROAD SUITE 201, LUTHERVILLE TIMONIUM, MARYLAND 21093. *See* Exhibit 1

Plaintiff's delivery of the summons and complaint to 10451 Mill Run Circle, Suite 400,Owings Mills Maryland 21117, an address in Maryland which is not the place of business of 12 O'Clock Boyz, failed to effectuate legal service upon Defendant Deafueh under any of the above provisions. Indeed, the deficiency of service is evident from the face of the affidavits of service filed with the Court, which state that the summons and complaint were given to someone at a location described as "10451 Mill Run Circle, Suite 400, Owings Mills MD 21117."

There can be no serious argument that the address known as 10451 Mill Run Circle, Suite 400,Owings Mills, Maryland 21117 qualifies as a business address of 12 O'Clock Boyz upon which effective service for Defendant Deafueh may be made under the Federal Rules.

10451 Mill Run Circle, Suite 400,Owings Mills, Maryland 21117 is not "a business address of 12 O'Clock Boyz, or any other address authorized by law to receive service of process," Fed. R. Civ. P. 4(h);  Nor does 12 O'Clock Boyz conduct business at 10451 Mill Run Circle, Suite 400,Owings Mills, Maryland 21117,"  Thus, even if the Plaintiff had in fact mailed court papers to 10451 Mill Run Circle, Suite 400, Owings Mills, Maryland 21117, Plaintiff's counsel should have known immediately upon receipt of the affidavits that service was ineffective.  That the Plaintiff did not even attempt to mail court papers at the business address, 2405 YORK ROAD, SUITE 201, LUTHERVILLE TIMONIUM, MARYLAND 21093 with authority to accept service is evident by the fact that Plaintiff misidentify the business address to which the documents were mailed in the affidavits of service filed with the Court.  As discussed, and contrary to the affirmations  made in those affidavits of service, the documents were not mailed to  2405 YORK

10

ROAD, SUITE 201, LUTHERVILLE TIMONIUM, MARYLAND , but to a different address, 10451 Mill Run Circle, Suite 400, Owings Mills, Maryland 21117, which lacks authority under the Federal Rules to accept service on behalf of the Defendant Deafueh/12 O'Clock Boyz.

That the Plaintiff listed the wrong address in the affidavits of service is a result of Plaintiff's failure to make any effort whatsoever to ensure that Plaintiff was complying with the applicable rules for effective legal service of process. Plaintiff did not ask the people at 10451 Mill Run Circle, Suite  400, Owings Mills, MD 21117 whether they were authorized to accept service on behalf of Defendant Deafueh Monbo/12 O'Clock Boyz.   Instead, Plaintiff seem to have assumed that any address in Maryland would suffice.

But the applicable law is clear—service on the Deafueh Monbo/12 O'Clock Boyz cannot be legally effectuated by mailing the papers to just any address. *See,* e.g., Hives v. Bisk Educ., Inc., No. 8:15-CV-262-T- 23MAP, 2015 WL 3791423, at *1-2 (M.D. Fla. May 7, 2015) (service on counsel did not conform with requirements of Federal Rules and thus, under Eleventh Circuit precedent, was ineffective to confer personal jurisdiction over the defendant); Elkins v. Broome, 213 F.R.D. 273, 274-276 (M.D.N.C. 2003) (service of process of police officer attempted by serving on duty officer at police department not effective because duty officer did not have "capacity to receive service in accordance with the Federal Rules"); Calder v. Stanly County Bd. of Educ., No. 1:00-CV-01249, 2002 WL 31370364, at *2-3 (M.D.N.C. Sept. 26, 2002) (service of process of Board of Education not effective through school principal and service of process on individual defendant not effective through his secretary); see also De Gazelle Grp., 817 F.3d at 748-49; Woodbury, 152 F.R.D. at 236.   Because the attempt at service was plainly not in substantial compliance with Rule 4, this case should be dismissed for failure to effectuate legal service of process.

11

## V.  IN THE ALTERNATIVE, DEFENDANT REQUESTS TIME TO SECURE LAWYER IN NEW YORK.

In the alternative, Defendant requests the Court to allow sixty (60) days for the Defendants to secure a lawyer in New York to file the Motion To Dismiss the case

## CONCLUSION

For the reasons stated, this Court should dismiss the Plaintiff Oscilloscope complaint for (1) Failure to Join a Party under Rule 19  and (2) Lack of Jurisdiction and (3) Improper Venue and (4) Insufficient Service of Process

Dated:   April 27, 2018

Respectfully submitted,

By: *Deafueh Monbo*

DEAFUEH MONBO
P.O. Box 135
Owings Mills, Maryland  21117
(410) 207-0242

12

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| OSCILLOSCOPE PICTURE, INC. ) | |
| ) | Civil Action No.: **CV-17-7458** |
| Plaintiff, ) | |
| ) | |
| v. ) | Assigned Judge:  Margo K. Brodie |
| ) | |
| DEAFUEH MONBO, *et al.*, ) | Magistrate  Judge:  Steven L. Tiscione |
| ) | |
| ) | |
| Defendants. ) | |

### DECLARATION OF DEAFUEH MONBO

I, Deafueh Monbo, declare under penalty of perjury.

1.  I am the Co-defendant  in the case of Oscilloscope Picture  vs. Deafueh Monbo et al.

2.  I do not  live in New York.

3.  I do not do business in New York.

4.  Co-defendant, Taje Monbo do not live in New York.

5.  Co -defendant, Taje Monbo does not do business in New York.

The foregoing is true and correct to the best of my knowledge.

APRIL 27, 2018

Deafueh Monbo

Date

Deafueh Monbo, Declarant

13

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of this <u>MOTION TO DISMISS</u> was mailed by Certified Mail on

*April 27, 2018* _____ to:

> Robert S. Meloni
> Thomas P. McCaffrey
> 3 Columbus Circle – 15th Floor
> New York, New York, 10019
> Tel: (212) 520-6090
>
> *Attorneys for Plaintiff Oscilloscope Pictures, Inc.*

Dated: April 27, 2018

> DEAFUEH MONBO
> P.O. Box 135
> Owings Mills, Maryland  21117
> (410) 207-0242

14

4/26/2018                          Register Your Business Online | Maryland.gov



**Want to PLAN, START, MANAGE, or GROW your business?**
▸ Click **HERE!**

➲ **Maryland Business Express**          🏠 Home  |  ⤵ Log In / Create Account

# 12 O'CLOCK BOYZ SPORTS, INC.: D17504911

**General Information** | Filing History | Annual Report/Personal Property

## General Information

**Department ID Number:**
D17504911

**Business Name:**
12 O'CLOCK BOYZ SPORTS, INC.

**Principal Office:**
2405 YORK ROAD
SUITE 201
LUTHERVILLE TIMONIUM MD
21093-2264

**Resident Agent:**
BUSINESS FILINGS
INTERNATIONAL INCORPORA
2405 YORK ROAD
SUITE 201
LUTHERVILLE TIMONIUM MD
21093-2264

**Status:**
INCORPORATED

**Good Standing:**
THIS BUSINESS IS IN GOOD
STANDING
» Order Certificate of Status

**Business Type:**
CORPORATION

**Business Code:**
03 ORDINARY BUSINESS - STOCK

**Date of Formation/ Registration:**
09/20/2016

**State of Formation:**
MD

**Stock Status:**
STOCK

**Close Status:**
NO



Q  New Search    Order Documents

Privacy and Security Policy | Accessibility Policy

FOR FILING AND BUSINESS RELATED QUESTIONS
Maryland Department of Assessments & Taxation
410-767-1184 | Outside the Baltimore Metro Area: 888-246-5941
Maryland Relay: 800-735-2258

FOR TECHNICAL QUESTIONS AND SUPPORT
NIC Maryland, eGov Services Partner of the Department of Information Technology (DoIT) and Maryland.gov
> Click for 24/7 Support

SECURED



EXHIBIT 2

Secure | https://www.mica.edu/News/Juxtapositions/Jan-March_2012_Juxtapositions/Independent_Films_Showcase_MICA_Talent.html

# MICA

**MARYLAND INSTITUTE COLLEGE OF ART**

- About MICA
- Admission & Financial Aid
- Programs of Study
- Academic Services & Libraries
- Campus & Student Life
- Career Development

Home • News • Juxtapositions • Jan-March 2012 Juxtapositions • Independent Films Showcase MICA Talent

## Independent Films Showcase MICA Talent

### INDEPENDENT FILMMAKER PROJECT HAS BEEN WORKING WITH TWO MICA-AFFILIATED FILMS THROUGH ITS INDEPENDENT FILMMAKER LABS PROGRAM

POSTED 01.01.12 BY MICA COMMUNICATIONS

This past year, Independent Filmmaker Project (IFP) has been working with two MICA-affiliated films through its Independent Filmmaker Labs program—the only program in the world currently supporting first-time feature directors in post-production to complete, market, and distribute their films.

IFP is no stranger to MICA-related films. The nonprofit organization supported the production of and facilitated industry connections for Made By Pretense, a film produced with support from MICA's faculty, alumni, students, and Office of Research that went on to win an Oscar in 2010 in the documentary short subject category.

Both of the current MICA-related, IFP-supported films took root at the College itself. As director and producer Leddy Nathan '09 explained about his project, The Twelve O'Clock Boys, "MICA is where the film was born. The College allowed me to cross disciplines quite easily. I had access to the equipment I needed, and of course, the talents of other MICA students to utilize. Now, working closely with [Video and Film Arts Chair] Patrick Wright on the film is a great privilege and perhaps the best example of MICA's resources being available beyond the life of the institution, I'm very grateful for that."

Preview Leddy Nathan's movie, The Twelve O'Clock Boys.

**MORE NEWS**

A Reel of MICA's Bright Lights in Film

Galleries Led by Alumni Spread Throughout Baltimore

Center for Career Development is Hard at Work

Independent Films Showcase MICA Talent

Love Connections 2012

Alumna, Faculty Member Tells the Stories of Iraqi Refugees Through Photographs

# CORPORATE CHARTER APPROVAL SHEET
## ** EXPEDITED SERVICE**    ** KEEP WITH DOCUMENT **

DOCUMENT CODE __40__    BUSINESS CODE __20__

# _____

Close _____   Stock _____   Nonstock _____

P.A. _____   Religious _____

Merging (Transferor) _____

_____

_____

_____

Surviving (Transferee) _____

_____

_____

_____

```
          1000362003344597

Affix Barcode Label Here
ID # W14683261 ACK # 1000362003344597
PAGES: 0002
THE RED GAP FILM GROUP, LLC


05/24/2012  AT 04:03 P WO # 0003975344
```

New Name _____

_____

_____

**FEES REMITTED**

| | |
|---|---|
| Base Fee: | 100 |
| Org. & Cap. Fee: | |
| Expedite Fee: | 50 |
| Penalty: | |
| State Recordation Tax: | |
| State Transfer Tax: | |
| Certified Copies | |
| Copy Fee: | |
| Certificates | |
| Certificate of Status Fee: | |
| Personal Property Filings: | |
| Mail Processing Fee: | |
| Other: | 150 |
| **TOTAL FEES:** | **150** |

Credit Card _____   Check _____   Cash X

_____ Documents on _____ Checks

Approved By: __6__

Keyed By: _____

COMMENT(S): _____

_____ Change of Name
_____ Change of Principal Office
_____ Change of Resident Agent
_____ Change of Resident Agent Address
_____ Resignation of Resident Agent
_____ Designation of Resident Agent
            and Resident Agent's Address
_____ Change of Business Code

_____ Adoption of Assumed Name
_____

_____ Other Change(s)
_____
_____

Code _____

Attention: _____

Mail Name and Address
✓ LOTFY  NATHAN

2239  KIRK  AVENUE

BALTIMORE, MD, 21218

_____

```
    Stamp Work Order and Customer Number HERE

CUST ID:0002758764
WORK ORDER:0003975344
DATE:05-24-2012 04:08 PM
AMT. PAID:$150.00
```



## ARTICLES OF ORGANIZATION

The undersigned, with the intention of creating a Maryland Limited Liability Company

files the following Articles of Organization:

(1) The name of the Limited Liability Company is:  The Red Gap Film Group, LLC

(2) The purpose for which the Limited Liability Company is filed is as follows: To carry on

any business or any other legal or lawful activity allowed by law.

(3) The address of the Limited Liability Company in Maryland is 2239 Kirk Avenue Baltimore, MD, 21218

(4) The resident agent of the Limited Liability Company in Maryland is Marti Ryan Dane Nester whose address is 2239 Kirk Avenue Baltimore, MD, 21218.

(5) _LOTTY  NATHAN_
Name of Authorized Person

_Signature of Authorized Person_

(6) _____
Resident Agent

Filing Party's Return Address:

(7)    85 E 3rd Street Apt. D3
    New York, NY, 10003

CUST ID:0002758764
WORK ORDER:0003975344
DATE:05-24-2012 04:08 PM
AMT. PAID:$150.00

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF NEW YORK

OSCILLOSCOPE PICTURE, INC.

      Plaintiff,

v.

DEAFUEH MONBO, *et al.*,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No.: **CV-17-7458**

Assigned Judge:  Margo K. Brodie

Magistrate  Judge:  Steven L. Tiscione

## DECLARATION OF DEAFUEH MONBO

I, Deafueh Monbo, declare under penalty of perjury.

1.  I am the Co-defendant  in the case of Oscilloscope Picture  vs. Deafueh Monbo et al.

2.  I do not  live in New York.

3.  I do not do business in New York.

4.  Co-defendant, Taje Monbo do not live in New York.

5.  Co -defendant, Taje Monbo does not do business in New York.


The foregoing is true and correct to the best of my knowledge.


April 27, 2018

Deafueh Monbo

Date

Deafueh Monbo, Declarant



**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| OSCILLOSCOPE PICTURE, INC. | ) |
| | ) |
| | ) Civil Action No.: **CV-17-7458** |
| Plaintiff, | ) |
| | ) |
| v. | ) Assigned Judge:  Margo K. Brodie |
| | ) |
| DEAFUEH MONBO, *et al.*, | ) Magistrate  Judge:  Steven L. Tiscione |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

LINE

Attn: Pro Se Office:

Enclose please find the following documents:

1. one original copy of the Motion To Dismiss
2. Two courtesy copies of the Motion To Dismiss.

Please immediately forward the courtesy copy to Judge Margo Brodie and Judge Steven Tiscone.

Sincerely,

*Deafueh Monbo*
Deafueh Monbo