UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| OSCILLOSCOPE PICTURES, INC., ) <br> ) <br>                 Plaintiff, ) <br> v. ) <br> ) <br> DEAFUEH MONBO AND TAJE MONBO, ) <br> both individually and doing business as ) <br> 12 O'CLOCK BOYZ, ) <br> ) <br>                 Defendants. ) | Case No.:17-cv-07458-MKB-ST |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT DEAFUEH MONBO'S MOTION TO DISMISS**

MELONI & McCAFFREY
A Professional Corporation
Robert S. Meloni
Thomas P. McCaffrey
3 Columbus Circle, 15th Floor
New York, New York 10019

*Attorneys for Plaintiff*

## PRELIMINARY STATEMENT[1]

Plaintiff Oscilloscope Pictures, Inc. (hereafter "Plaintiff") submits this memorandum of law in opposition to Defendant Deafueh Monbo's (hereafter "Defendant") Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction and Insufficiency of Service of Process and Failure to Join a Party and Improper Venue [Docket Entry ("DE") 19]. (hereinafter "Motion to Dismiss").[2]

Plaintiff has fully addressed Defendant's first three arguments – failure to properly serve, lack of personal jurisdiction and failure to join an indispensible party – in its opposition to Defendant's Motion to Vacate. See DE 24, pp. 16-28. Those arguments are fully supported by the facts set forth in Plaintiff's Memorandum of Law, and the accompanying Declarations of Robert Meloni and Thomas Sladek dated May 16, 2018. See DE-24, pp. 3-11; DE-25, ¶¶6-21; DE-26, ¶¶4-15. Plaintiff respectfully refers the Court to those arguments and facts, and incorporates them herein by reference.

The only argument left to challenge is Defendant's claim that the Eastern District of New York is not the proper venue for this action. However, based upon the allegations in the Complaint and in the supplemental Declarations, Plaintiff has established on a *prima facie* basis that it has satisfied Fed. R. Civ. P. §1391(b) (2), in that it has filed its action in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." *See* also DE-1, ¶2 (asserting venue on the grounds, *inter alia*, that New York is "where the acts complained of occurred or originated").

---

[1] This memorandum of law relies upon and cites to the Declaration of Robert S. Meloni dated May 16, 2018 [DE-26] (hereafter "Meloni Dec."), the Declaration of Thomas J. Sladek dated May 16, 2018 [DE-25] (hereafter "Sladek Dec."), and the Memorandum of Law in Support of Plaintiff's Opposition to Defendant Deafueh Monbo's Motion to Vacate [DE-24], previously filed on May 16, 2018. It also refers and relies upon previously filed pleadings and affidavits with respect thereto.

[2] Plaintiff maintains its position that the Motion to Dismiss, which was filed before Defendant filed his Motion to Vacate, remains a legal nullity. See DE-24, pp. 13-14. However, on the unperceivable chance that the Court grants Defendant's Motion to Vacate, Plaintiff wanted the Motion to Dismiss fully briefed.

In addition, given that Plaintiff has already established on a prima facie basis that personal jurisdiction has been properly exercised over Defendant pursuant to New York State's Long Arm statute C.P.L.R. §302, venue has been established under 28 U.S.C. § 1400(a). *See* DE-1, ¶2 ("Venue is also proper in this judicial district pursuant to 28 U.S.C. §1400(a).")

## ARGUMENT

### I. THE GOVERNING STANDARDS.

On a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3), the Court applies the same standard of review as it does to a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). *See Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005). While the plaintiff bears the burden of establishing that venue is proper, "[i]f the court chooses to rely on pleadings and affidavits, the plaintiff need only make a prima facie showing of [venue]." *Id.* (*quoting CutCo Indus. v. Naughton*, 806 F.2d 361, 364-65 (2d Cir. 1986)) (alteration in original). The decision whether to dismiss an action for improper venue is committed to the Court's sound discretion. *See Blauschild v. Tudor*, 31 F. Supp. 3d 527, 530 (E.D.N.Y. 2014); *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993)).

In determining whether venue is proper, the court "must view all facts in the light most favorable to the plaintiff." *Cold Spring Harbor Lab. v. Ropes & Gray LLP,* 762 F. Supp. 2d 543, 551 (E.D.N.Y. 2011) (*citing Phillips v. Audio Active Ltd.*, 494 F.3d 378, 384 (2d Cir. 2007)). Accordingly, "the court must accept the facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Fisher v. Hopkins*, No. 02-CV7077, 2003 U.S. Dist. LEXIS 307, * (S.D.N.Y. Jan. 9, 2003) (*quoting Dolson v. New York State Thruway Authority*, No. 00 Civ. 6439, 2001 U.S. Dist. LEXIS 4283, *2-3 (S.D.N.Y. 2001)).

2

Moreover, "the venue statute . . . does not require venue in the district with the most substantial contacts to the dispute. Rather, it is sufficient that a substantial part of the events occurred in the challenged venue, even if a greater part of the events occurred elsewhere." *Astor Holdings, Inc. v. Roski, III*, No. 01 Civ. 1905, 2002 U.S. Dist. LEXIS 758, *22 (S.D.N.Y. Jan. 17, 2002). *See also Rothstein v. Carriere*, 41 F. Supp.2d 381, 387 (E.D.N.Y. 1999) ("And plaintiff need not establish that the Eastern District of New York has 'the most substantial contacts to the dispute; rather it is sufficient that a substantial part of the events occurred [here], even if a greater part of the events occurred elsewhere.'") (*citing Neufeld v. Neufeld*, 910 F. Supp. 977, 986 (S.D.N.Y. 1996)).

A. **Venue Is Established Under Fed. R. Civ. P. §1391 (b)(2).**

"The statutory standard for venue focuses not on whether a defendant has made a deliberate contact – a factor relevant in the analysis of personal jurisdiction – but on the location where events occurred." *Bates v. C & S Adjusters, Inc.,* 980 F.2d 865,868 (2d Cir. 1992) (Court concluded that the plaintiff's receipt of an improper collection notice in the Western District of New York was sufficient to establish venue under Fed. R. Civ. P. §1391 (b) (2) for a claim asserting violation of the Fair Debt Collection Practices Act). Thus, the standard under §1391 (b)(2) may be satisfied by a communication transmitted to or from the district in which the cause of action was filed, given a sufficient relationship between the communication and the cause of action. *See Bates*, 980 F.2d at 867. *See also Sacody Technologies v. Avant, Inc.*, 862 F. Supp. 1152 (S.D.N.Y. 1994) (Court found that phone calls, correspondence and facsimile transmissions to plaintiff in New York satisfied venue statute in diversity action on the grounds that it was where a substantial part of the events or omissions giving rise to the claim occurred.); *Gruntal & Co., Inc. v. Kauachi*, No. 92 Civ. 2840, 1993 U.S. Dist. LEXIS 1216 (S.D.N.Y. Feb. 5, 1993) (venue proper in diversity common-law fraud

3

action based on telephone calls during which allegedly fraudulent representations were made, where one party to calls was within district during calls).

Here, Plaintiff has asserted that Defendants sent at least three improper notices and follow-up correspondence under the DMCA to Plaintiff's Licensee VHX Corporation and at least one improper notice to Plaintiff's Licensee, InDemand, in New York. *See* DE-26, ¶¶7-15; DE-25, ¶¶7-15. Plaintiff has also alleged that those improper notices sent to those New York based licensees, directly caused Plaintiff harm in New York, including loss of income, a cloud on Plaintiff's title in the film *12 O'Clock Boys*, and injury to its reputation in the industry, all experienced by Plaintiff in New York. *See* De-26, ¶¶11-15. Plaintiff's claims arise directly from the sending and impact of those improper notices, including those sent to Plaintiff's two New York based licensees. As a result, Plaintiff has established, at least on a *prima facie* basis, that venue is proper in the Eastern District of New York, under Fed. R. Civ. P. §1391 (b) (2).

### B. Venue is Also Proper Under 28 U.S.C. § 1400(a).

Venue in this case is predicated upon the Patents and Copyright Venue Statute, 28 U.S.C. §1400, with respect to the claims brought under the Copyright Act.

Section 1391(b) of Title 28 provides as follows:

(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

Section § 1400(a) of Title 28 provides as follows:

(a) Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights may be instituted in the district in which the defendant or his agent resides or may be found.

It is well established in the Second Circuit that in any case arising under the Copyright Act, a defendant "may be found" in any district in which personal jurisdiction may be obtained over it. See *BBC Enterprises Ltd. v. Gold Coast Tape Distributing, Inc*., No. 88 Civ. 7786 (CSH), 1991 U.S. Dist. LEXIS 6360, *6 (S.D.N.Y. 1991) (construing §1400(a), court found that venue is sufficiently established if New York's long arm statute is satisfied); *Mag Jewelry Co. v. Cherokee, Inc.*, 02 CV 0466 (SJ), 2004 U.S. Dist. LEXIS 32588, *3 (E.D.N.Y. 2004) ("It is well-established that a defendant 'may be found' in any district in which he is amenable to personal jurisdiction; thus, venue and jurisdiction are coextensive.") (*citing Editorial Musical Latino Americana, S.A. v. Mar Int'l Records, Inc.,* 829 F. Supp. 62, 66 (S.D.N.Y. 1993)); *see also Lipton v. Nature Co*., 781 F. Supp. 1032, 1035-36 (S.D.N.Y. 1992) (plaintiff made a prima facie showing that court has jurisdiction over defendant under New York long-arm statute by committing tortious act outside New York with foreseeable consequences in New York, and held venue proper under 28 U.S.C. §1400(a)).

Applying these principles to the present case, venue for the copyright claims asserted by Plaintiff is proper since the Defendants were subject to the personal jurisdiction of this Court when this action began. *See Sun Hill Indus. v. Holiday Trims, Inc*., 1991 U.S. Dist. LEXIS 15462, 20 U.S.P.Q.2D (BNA) 1851, Copy. L. Rep. (CCH) (E.D.N.Y. 1991) (court held that tortious activity of non-resident copyright defendant within New York sufficient to sustain personal jurisdiction under CPLR § 302(a)(2) and, as a result, also found venue under 28 U.S.C. § 1400 was also satisfied.)

Since Plaintiff has clearly established, at least on a prima facie basis, that the activity complained of is sufficient to sustain personal jurisdiction over Defendants under CPLR §302, venue under 28 U.S.C. § 1400 is also satisfied. Accordingly, venue in the Eastern District of New York is proper.

## **CONCLUSION**

For the foregoing reasons, and those previously set forth in DE-24, DE-25 and DE-26, Plaintiff respectfully request that the Court deny Defendants' Motion to Dismiss in its entirety, together with such other and further relief as it deems just and proper.

Dated: May 17, 2018

                                        Respectfully submitted,

                                      MELONI & McCAFFREY
                                      A Professional Corporation

By: _____
            Robert S. Meloni
            Thomas P. McCaffrey
3 Columbus Circle, 15th Floor
New York, New York 10019
Tel: (212) 520-6090

*Attorneys for Plaintiff*