UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

OSCILLOSCOPE PICTURES, INC.,

                              Plaintiff,

      -against-

DEAFUEH MONBO AND TAJE MONBO,
both individually and doing business as
12 O'CLOCK BOYZ,

                              Defendants.
----------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

**17-cv-07458 (MKB) (ST)**

**TISCIONE, United States Magistrate Judge:**

Plaintiff Oscilloscope Pictures, Inc. ("Plaintiff", "Oscilloscope") brought this action on December 22, 2017, against Deafueh Monbo ("Deafueh") and Taje Monbo ("Taje") (collectively, "Defendants"). Dkt. No. 1 ("Compl." or the "Complaint") at 1. The Complaint requested declaratory judgment of non-infringement of Defendants' copyright in a 2001 documentary film entitled "12 O'Clock Boyz" ("2001 Video"), declaratory judgment of non-infringement and cancellation of Defendant's "12 O'Clock Boyz" trademarks ("Trademarks"), and relief for a claim of Defendants' tortious interference with business relations. *Id.* at 11, 13, 15, 19, 20. This Court allowed service by alternative means on March 13, 2018. Dkt. No. 13. Despite service and actual notice of the Complaint, Defendants failed to appear, answer, or otherwise timely respond to the Complaint. *See* Dkt. Nos. 14, 15, 17 (Executed Affidavits of Service). On April 24, 2018, Plaintiff filed a request for entry of default by the Clerk of the Court for both Defendants. Dkt. No. 16. Default was entered on April 30, 2018. Dkt. No. 18. On the same day, Deafueh filed a *pro se* motion to dismiss. Dkt. No. 19.

1

Defendants individually moved to vacate the entry of default. Dkt. Nos. 20, 42; *see also* Dkt. Nos. 38 ("Deafueh Mem."), 42-9 ("Taje Mem."); *see also* Dkt. Nos. 32 ("Deafueh Decl."), 33 ("Taje Decl."), 42-1 ("Taje Supp. Decl."), 42-2 ("Whitaker Decl."). Plaintiff opposed both motions. Dkt. Nos. 39 ("Deafueh Opp'n"), 43 ("Taje Opp'n"). The Honorable Margo K. Brodie referred the motions to vacate and Deafueh's motion to dismiss to me. Order dated May 4, 2018.

I denied the motion to dismiss as improperly filed because Deafueh was already in default status.[1] Dkt. No. 31. Based on a review of the well-pleaded allegations and the evidence presented in the filings, I respectfully recommend that the Court GRANT Deafueh's and Taje's motions to vacate entry of default.

I.     BACKGROUND

"12 O'Clock Boys" (the "Documentary") is a 2013 student documentary created by Lofty Nathan ("Mr. Nathan") centered around a band of urban dirt-bike riders from Baltimore known as the 12 O'Clock Boys[2] (the "Group"). Compl. at 1. Oscilloscope obtained the rights to distribute the Documentary from Mr. Nathan in 2013 and distributed the film without challenge until 2017. Compl. at 2.

The Documentary uses a 112-second excerpt of Defendant's 2001 Video. Compl. at 6 ¶ 30. Plaintiff alleges that Mr. Nathan was provided a copy of the 2001 Video by one of the authors and original members of the Group, Mr. Michael "Pee Wee" Whitaker Jr. ("Mr. Whitaker"). Compl. at 5 ¶¶ 22-23. In fact, Plaintiff alleges that Mr. Whitaker gave Mr. Nathan

---

[1] For this reason, this Report and Recommendation will not address any jurisdictional arguments raised in that motion, or whether those arguments have been waived. *See, e.g.*, Deafueh Opp'n at 9-10, Taje Opp'n at 4.
[2] Named after their signature trick of elevating the front of their bikes to the 12 o'clock position, rendering the bike perpendicular to the road. Deafueh Opp'n at 28.

oral permission to use the 2001 Video in the Documentary and signed a release of his rights to the 2001 Video.

In 2017, Deafueh began sending trademark and copyright takedown notices to Oscilloscope's licensees based on Plaintiff's alleged infringement of the Defendants' copyright in the 2001 Video and Defendants' Trademarks of the 12 O'Clock Boyz mark. Compl. at 8-10. On December 22, 2017, Oscilloscope filed suit seeking declaratory judgment of non-infringement of Defendants' copyright, declaratory judgment of non-infringement and cancellation of Defendant's Trademarks, and relief for a claim of Defendants' tortious interference with business relations. Compl. at 11, 13, 15, 19, 20.

Plaintiff attempted personal service on Defendants numerous times at various locations. Dkt. No 12 at 2. Defendants demonstrated actual notice and an attempt to evade proper service by making disparaging remarks on social media regarding Plaintiff's lawsuit and the Complaint. *Id.* at 2-3. In view of these circumstances, this Court granted Plaintiff's Motion for Alternative Service via "email; Twitter; and first class mail to Defendants' last known residential address, last known business address and business Post Office Box." Dkt. No. 13. Defendants were served as directed by this Court, and, having failed to respond to the Complaint, entered default status. Dkt. No. 18. Currently before this Court are Defendants' individual motions to vacate entry of default. Dkt. Nos. 20, 42.

### II.     LEGAL STANDARD

Under the Federal Rules of Civil Procedure, "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The Second Circuit has held that the Court must evaluate

the following factors to determine whether good cause to set aside a default has been established: (1) whether setting aside the default would prejudice the adversary; (2) whether a meritorious defense is presented; and (3) whether the default was willful. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *Rolle v. Hardwick*, No. 14-CV-5247 (JS)(AYS), 2016 WL 3030242, at *2 (E.D.N.Y. May 4, 2016), *report and recommendation adopted by* 14-cv-5247, Dkt. No. 29 (E.D.N.Y. May 25, 2016). Any doubts about setting aside a default should be resolved in favor of vacatur, so that the matter may be decided on the merits. *See Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir. 1983); *Hen v. Parma*, No. 13 Civ. 0624(ILG)(RML), 2013 WL 2249245, at *1 (E.D.N.Y. May 22, 2013).

### III.     ANALYSIS

Deafueh's and Taje's request that the Court vacate the Clerk's entry of default should be granted. First, there does not appear to be any prejudice to Plaintiff due to Defendants' delay in responding to the Complaint. In fact, Plaintiff did not even address prejudice in its opposition to the motions to vacate. *See* Deafueh Opp'n; Taje Opp'n. Furthermore, delay alone does not establish prejudice, and there is no indication that there will be a loss of evidence, discovery issues, or an increased likelihood of fraud or collusion. *See Enron*, 10 F.3d at 98; *Rolle*, 2016 WL 3030242, at *3 (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)).

Second, Taje and Deafueh have presented sufficient factual bases for meritorious defenses to Plaintiff's claims. *See Angel v. Queens Blvd. Car Wash*, No. 06-CV-6667 (CBA), 2008 WL 111159, at *4 (E.D.N.Y. Jan. 8, 2008) ("[A] defense is potentially meritorious in this context if it is good law so as to give the factfinder some determinations to make."); *United*

*States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) ("[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party."). There is no dispute that Taje is an owner of a copyright in the 2001 Video and that an excerpt of that film was used in the Documentary. *See* Compl. at 6 ¶ 30, 12 ¶ 65. There is also no dispute that Defendants own "12 O'Clock Boyz" marks and that Oscilloscope distributed a film entitled "12 O'Clock Boys." *See* Compl. at 15-20. Thus, there are genuine factual disputes as to whether Oscilloscope infringed Defendants' copyright and trademarks, and whether Defendants' takedown notices improperly interfered with Oscilloscope's business relations. In light of the judicial policy favoring decisions on the merits, any arguments about fair use, copyright licenses, and trademark validity should be fully briefed and should not be decided on a motion to vacate default. *See* Compl. at 11-14.

Third, although Defendants' behavior regarding service is not commendable, it does not rise to the level of willfulness.[3] The Second Circuit "ha[s] interpreted 'willfulness,' in the context of a default, to refer to conduct that is more than merely negligent or careless." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). Deafueh contends that she mistakenly believed that "the time in which to respond to [the] lawsuit [wa]s based upon service of the complaint upon me personally." Deafueh Decl. ¶ 11. Taje was similarly under the impression that "[Deafueh's] motion to dismiss was sufficient to protect [his] interests in this matter." Taje Supp. Decl. ¶ 18. In view of Defendants' *pro se* status at the time of filing the motion to dismiss, and without

---

[3] Furthermore, Defendants' behavior has already been sufficiently addressed when this Court allowed service by alternative means. Dkt. No. 13.

5

excusing their failure to timely respond to the Complaint, the Court is willing to entertain Defendants' late response so that this matter may be decided on the merits.

### IV. CONCLUSION

For the foregoing reasons, I respectfully recommend that the Court GRANT Deafueh's and Taje's motions to vacate entry of default.

### V. OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this report and recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Porter v. Potter*, 219 F. App'x 112, 113 (2d Cir. 2007) (quoting *Small v. Sec'y of Health & Human Servs.,* 892 F.2d 15, 16 (2d Cir.1989) (per curiam)).

**SO ORDERED.**

                                                  /s/
                                      Steven L. Tiscione
                                      United States Magistrate Judge
                                      Eastern District of New York

Dated: Brooklyn, New York
        February 22, 2019